IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:01-cr-60021-AA |
| | **OPINION AND ORDER** |
| v. | |
| CECILIO CORTEZ LOPEZ, | |
| Defendant. | |

AIKEN, District Judge:

The matter comes before the Court on Defendant Cecilio Cortez Lopez's Motion to Reduce Sentence pursuant to First Step Act (doc. 229).[1] For the reasons below, defendant's motion is DENIED.

## BACKGROUND

On May 7, 2003, defendant entered a guilty plea to one count of conspiracy to

---

[1] Defendant's original motion, which was filed pro se, was filed as a 28 U.S.C. § 2255 motion. However, the action should have been brought under § 2241. Usually, relief under § 2241 is brought in the district of confinement. Defendant was confined in California but sentenced in Oregon. Similar to the Oregon District Court in *United States v. Walker*, this court finds it has jurisdiction over the matter. 3:10-cr-002980-RRB (D. Or. Feb. 7, 2019).

Page 1 – OPINION AND ORDER

distribute methamphetamine and one count of methamphetamine. As a result, the District Court judge sentenced defendant to 240 months imprisonment and ten years of supervised release for both counts to run concurrently. Defendant's sentenced was enhanced from ten years to twenty years imprisonment because of a prior drug conviction in California. In 2004, defendant's previous 28 U.S.C. § 2255 motion was denied. In 2007, the Ninth Circuit both declined to issue a certificate of appealability for reconsideration on his § 2255 motion and denied his request to file a second or successive petition. A further attempt to appeal his conviction was denied in 2013. On May 3, 2019, defendant filed a pro se Motion to Reduce Sentence pursuant to the First Step Act (doc. 229), arguing for an earlier release due to an amendment to the amount of good time a prisoner can receive. On July 19, 2019, defendant was released from Bureau of Prisons ("BOP") custody.

## DISCUSSION

Though defendant was released from BOP custody, the Court still considers the merits of claim. Defendant challenges the date of effect of the First Step Act, arguing for an interpretation of immediacy. The Act provides that as long as a federal prisoner, who is serving more than a one-year term of imprisonment, "display[s] exemplary compliance with institutional disciplinary regulations," he may earn good time credit toward his sentence. 18 U.S.C. § 3624(b)(1). Under § 3624(b), the BOP calculates any good time credit. BOP's former calculation allowed for a maximum of 47 days for each year of exemplary compliance. *Bottinelli v. Salazar*, 929 F.3d 1196, 1197 (9th Cir. 2019). On December 21, 2018, the First Step Act of 2018, Pub. L. No.

115-391, 132 Stat. 5194, was enacted. Subsection 102(b) of the First Step Act amends 18 U.S.C. § 3624.

Two amendments to § 3624 are relevant for this. First, under paragraph 102(b)(1), BOP is now required to permit up to 54 days per year for good time credit calculations. § 102(b), 132 Stat. at 5210. Second, the Act added subsection (g) to § 3624, which details the criteria, including good time credit, for assessing when a prisoner is eligible for either prerelease custody or supervised release. *Id.* at 5210-13. The Act required the Attorney General to establish a "risk and needs assessment . . . [to] determine when a prisoner is ready to transfer into prelease custody or supervised release in accordance with section 3624," within 210 days of the Act's enactment. § 101(a), 132 Stat. at 5196-97. Two hundred ten days after enactment was July 19, 2019, the same day defendant was released from BOP custody.

Defendant argues that the Act required the BOP to re-calculate his sentence immediately after the enactment of the First Step Act. This would have meant defendant would have been released from BOP's custody about two months before his actual release on July 19, 2019. However, the Ninth Circuit recently held that "the Act's good time credit amendment did not take immediate effect upon enactment but [became] effective with the establishment of the 'risk and needs assessment system' on July 19, 2019." *Bottinelli*, 929 F.3d at 1202. Therefore, defendant's sentence was not entitled to immediate re-calculation, and his release date was accurate.

Defendant also argued that a delay in calculation would be a violation of his

rights under the Equal Protection Clause. However, the court in *Bottinelli* also rejected this argument, finding Congress has legitimate government interests in delaying the implementation of the Act. *Id*. at 1201-02. Therefore, this Court rejects defendant's Equal Protection claim.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Reduce Sentence pursuant to the First Step Act (doc. 229) is DENIED.

IT IS SO ORDERED

Dated this 9th day of April 2020

/s/Ann Aiken
Ann Aiken
United States District Judge
